IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> 10 S. Howard Street, 3rd Floor <br> Baltimore, MD  21201 <br><br> Plaintiff, <br><br> v. <br><br> CDG MANAGEMENT, LLC, <br> 1100 Wicomico Street, Suite 600 <br> Baltimore, MD 21230 <br><br> and <br><br> CIVIC DEVELOPMENT GROUP, LLC, <br> 1100 Wicomico Street, Suite 600 <br> Baltimore, MD 21230 <br><br> and <br><br> MILLENIUM TELESERVICES, LLC, <br> 1100 Wicomico Street, Suite 600 <br> Baltimore, MD 21230 <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. <br><br><br> COMPLAINT <br><br><br><br> JURY TRIAL DEMAND |

NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to a class of aggrieved female job applicants who were adversely affected by such practices.  As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("Commission") alleges that since

1

at least January 1, 2005, Defendants CDG Management, LLC; Civic Development Group, LLC, and Millennium Teleservices, LLC, have engaged in an ongoing pattern or practice of sex discrimination against female job applicants at their Maryland facilities, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5(f)1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981 A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706 (f)(1) and (3) and 707 of Title VII, 42 U.S.C. 2000e-5(f)(1) and (3) and 2000e-6.

4. At all relevant times, Defendants CDG Management, LLC; Civic Development Group, LLC, and Millennium Teleservices, LLC ("Defendants"), New Jersey corporations, and their predecessors, have continuously been doing business in the State of Maryland, as well as other jurisdictions, and have continuously had at least fifteen employees.

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. Section

2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Dwane Carrion filed a charge with the Commission alleging violations of the Age Discrimination in Employment Act of 1967, as amended, by Defendants. During the reasonable course of the Commission's investigation, the Commission uncovered information which supported a charge of sex-based hiring discrimination by Defendants. On August 1, 2006, the Commission notified Defendants that it had expanded the scope of its investigation to include potential sex discrimination hiring practices for telemarketers, in violation of Title VII of the Civil Rights Act of 1964, as amended. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 1, 2005, Defendants have engaged in unlawful employment practices at their Maryland call centers, in violation of Sections 703(a)(1) and (a)(2) of Title VII, 42 U.S.C. Section 2000e-2(a)(1) and (a)(2). The practices include subjecting a class of aggrieved female applicants for the telemarketing position to an ongoing pattern or practice of discriminatory failure to hire such persons at their Maryland call centers because of their sex (female).

8. The effect of the practices complained of in paragraph 7 has been to deprive a class of female job applicants of equal employment opportunities and otherwise affect their status as applicants because of their sex.

9. The unlawful employment practices complained of in paragraph 7 are part of a continuing course of sex discrimination perpetrated against female job applicants by Defendants that has persisted since at least January 1, 2005.

10.     The unlawful employment practices complained of in paragraph 7 were and are intentional.

11.     The unlawful employment practices complained of in paragraph 7 were and are done with malice or with reckless indifference to the federally protected rights of female job applicants.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from denying employment to female applicants because of their sex;

B.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of their past and present unlawful employment practices;

C.      Order Defendants to make whole a class of aggrieved female applicants (and deterred applicants) by providing appropriate back pay with prejudgment interest and front pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to, rightful place employment;

D.      Order Defendants to make whole a class of aggrieved female applicants (and deterred applicants) by providing compensation for pecuniary and nonpecuniary losses, including emotional pain, suffering, anxiety, depression, embarrassment, degradation, and humiliation;

E.      Order Defendants to pay a class of aggrieved female applicants (and deterred applicants) by punitive damages for the malicious and reckless conduct described above, in

amounts to be determined at trial;

    F.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____/s/_____
JACQUELINE MCNAIR
Regional Attorney

_____/s/_____
DEBRA M. LAWRENCE
Supervisory Trial Attorney

_____/s/_____
MARIA SALACUSE
Senior Trial Attorney
Federal Bar No. 1556

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland  21201
Phone:  (410) 209-2733

Fax: (410) 962-4270